J-S46012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN JAMES HORTON | : | |
| | : | |
| Appellant | : | No. 656 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 8, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006690-2021

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                **FILED: May 7, 2024**

Appellant Allen James Horton appeals from the Judgment of Sentence of 1-2 years' incarceration entered after the trial court revoked his probation. He challenges the discretionary aspects of his sentence.  After review, we affirm.

**A.**

We glean the following factual and procedural history from the certified record, including the VOP court's Pa.R.A.P. 1925(a) Opinion.  On October 17, 2022, Appellant entered a negotiated guilty plea to one count of Indecent Assault, 18 Pa.C.S. § 3126(a)(1), a second-degree misdemeanor, in connection with his sexual assault of a woman.[1]  The court imposed the

---

[1] The woman had been waiting for an Uber ride and when Appellant drove by and waved at her, the woman believed that he was her Uber driver and
*(Footnote Continued Next Page)*

negotiated sentence of 2 years' probation and ordered, *inter alia*, that Appellant register as a sexual offender pursuant to the Sexual Offender's Registration and Notification Act ("SORNA").

Two days later, Appellant violently assaulted his girlfriend. The Commonwealth arrested him and charged him at Docket No. CP-02-CR-07941-2022 ("CR-07941") with numerous offenses. Appellant ultimately pled guilty to Strangulation, Unlawful Restraint, Simple Assault, and Recklessly Endangering Another Person. On April 24, 2023, the trial court sentenced him to a term of 5 years' probation, with the first 2 years to be served at home on an electronic monitor.

As a result of those convictions, the court found Appellant had violated his probation. The VOP court held a sentencing hearing on May 8, 2023. The Commonwealth requested the statutory maximum sentence of 1 to 2 years' incarceration to be served in state prison.[2] Appellant's counsel argued, *inter alia*, that Appellant should be sentenced to a period of home monitoring to run concurrently with the sentence imposed at CR-07941. In arguing for a lenient sentence, Appellant's counsel, as well as Appellant, emphasized Appellant's acknowledgment of his guilt, his alcohol abuse and his intent to attend AA, and his remorse felt in connection with both violent incidents. Appellant

_____

entered his car. Appellant then drove her to a house where he pulled her from the car, dragged her into the house, pushed her onto a couch, removed her shorts and underwear, and raped her.

[2] N.T. VOP Sentencing, 5/8/23, at 5.

argued for electronic home monitoring so that he could continue his work on the internet as a personal trainer and body builder in order to maintain his income and care for his five children.[3] The court acknowledged Appellant's arguments, his work as a personal trainer and professional body builder, and his obligations to his family, but also emphasized that both incidents involved violence where Appellant used his body as a weapon.

The court stated that it had considered the sentencing guidelines and sentencing factors and concluded that the facts and circumstances of this case warranted a state incarceration sentence. The court then imposed a term of one to two years' incarceration in a state prison facility, with credit for time served since October 19, 2022.[4]

Appellant filed a post-sentence motion on May 18, 2023, which the court denied by order dated May 23, 2023.

Appellant timely appealed and both Appellant and the VOP court complied with Pa.R.A.P. 1925.

**B.**

Appellant raises the following issue for our review:

Whether the [t]rial [c]ourt abused its sentencing discretion by failing to apply all relevant sentencing criteria, including the protection of the public, the gravity of the offense, and

---

[3] *Id.* at 6-18.

[4] The court observed that as a result of the credit for time served, Appellant would be eligible for parole in 5 months. *Id.*

- 3 -

[Appellant's]character and rehabilitative needs, as required by 42 Pa. C.S.A. § 9721(b)?

Appellant's Br. at 5.

**C.**

Appellant challenges the discretionary aspects of his sentence. We do not review an appellant's challenge to discretionary aspects of a sentence as a matter of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. *Id.*

Appellant timely appealed, preserved the issue in a post-sentence motion, and included a Rule 2119(f) Statement in his brief. We, thus, proceed to consider whether Appellant has raised a substantial question for our review.

We determine on a case-by-case basis whether an appellant has raised a substantial question regarding discretionary sentencing. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the

- 4 -

sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation and quotation marks omitted).

In his Rule 2119(f) Statement, Appellant avers that the sentencing court failed to consider "all the required sentencing factors." Appellant's Br. at 15. Specifically, he asserts that the "revocation sentence of total state confinement is excessive, unreasonable, and an abuse of discretion because the requirements of 42 Pa.C.S. § 9721(b) were not met by ignoring the rehabilitative needs of [Appellant] as well as the significant impact on the community by way of his family." *Id*. at 14. We conclude Appellant has raised a substantial question. *See Commonwealth v. White*, 193 A.3d 977, 983 (Pa. Super. 2018) (recognizing substantial question where appellant claims sentencing court disregarded the defendant's rehabilitative needs).

### D.

We consider the merits of Appellant's claims mindful that sentencing is vested in the sound discretion of the sentencing court, and we shall not disturb a sentence absent a manifest abuse of discretion. *Commonwealth v. Summers*, 245 A.3d 686, 692-93 (Pa. Super. 2021).

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* at 693 (citation omitted).

"Sentencing in Pennsylvania is individualized, and requires the trial court to fashion a sentence that is consistent with[, *inter alia*,] the rehabilitative needs of the defendant." ***Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013) (quoting 42 Pa.C.S. § 9721(b), quotation marks omitted). Additionally, when sentencing to total confinement, the court must consider "the history, character, and condition of the defendant[.]" 42 Pa.C.S. § 9725.

Finally, we review sentences with "regard for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation[;] (3) the findings upon which the sentence was based[;] and (4) the guidelines promulgated by the commission." 42 Pa.C.S. § 9781(d).

In its Rule 1925(a) Opinion addressing Appellant's sentencing challenge, the VOP court opined that it had carefully considered Appellant's case before imposing his VOP sentence. It noted that it had "reviewed the guidelines, the sentencing factors, the facts and circumstances of the case, and the extensive statements/arguments of the parties as well as [Appellant's] pleas for mercy." VOP Ct. Op., 8/22/23, at 24. More specifically, the court acknowledged the following factors as relevant to its consideration of the appropriate sentence to impose: Appellant (1) is a "college graduate with a business degree;" (2) "had been a scholarship worthy college athlete;" (3) "was a successful body builder;" (4) "had a long employment history, and is a personal trainer;" (5)

has "multiple children, whom he financially supported;" (6) "had experienced difficulties in his life, including recently, such as the miscarriage of a child, the death of his father, the near death of his mother, and the birth of a child he has yet to meet;" (7) "suffered from PTSD and anxiety, had attempted suicide, and struggled with alcohol;" and (8) "had completed the "[batterer's intervention] program" while incarcerated." *Id*. The court also acknowledged that it had "considered the sentencing options advanced by [Appellant] and his counsel, including parole, a concurrent period of electronic home monitoring, probation, or a suspended sentence." *Id*. at 25. In conclusion, the court stated:

> Given the nature of [Appellant's] behavior as set forth in the Affidavits of Probable Cause . . . and that [Appellant] engaged in his second violent criminal episode almost immediately after being placed on probation in this action, **a sentence of incarceration was and is necessary to ensure the protection of the public, to recognize the gravity of [Appellant's] conduct, and to guarantee the [Appellant] received necessary treatment (sexual offender and alcohol) as well as rehabilitation**. The sentence of imprisonment was and is additionally appropriate because the [c]ourt did not believe that [Appellant's] statements about his changed nature and attitude toward life were sincere.

> Simply put, the sentence imposed here is not manifestly excessive. [Appellant's] actions demonstrated that he was a danger to society, and his statements to the contrary were not credible or convincing. **[Appellant] needs treatment and rehabilitation. Accordingly, the [c]ourt fashioned the sentence in the manner that it did, which was reasonably tailored, among other things, to protect the public and to ensure that [Appellant] received necessary treatment**, but could also, upon parole, use the internet to advance his career and not be burdened with additional court costs.

*Id*. (emphasis added).

Based on our review of the record, we conclude that the VOP court did not abuse its discretion in sentencing Appellant to a term of 1 to 2 years' incarceration with credit for time served for his indecent assault conviction. Appellant's argument that the court failed to consider his rehabilitative needs and the needs of his family is belied by the record. We, thus, affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/7/2024